United States District Court
District of Massachusetts

```
_____
                               )
GABRIELLA FORTUCCI,            )
        Plaintiff,             )
                               )
        v.                     )    Civil Action No.
                               )    11-10060-NMG
RBS CITIZENS, N.A.,            )
        Defendant.             )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Gabriella Fortucci ("Fortucci") brings suit against RBS Citizens, N.A. ("Citizens Bank") for various claims arising from the termination of her employment. Pending before the Court is the defendant's motion to dismiss.

## I. Background

### A. Factual Background

From 1991 to 2006, Fortucci was employed by Citizens Bank. In December, 2006, after suffering from depression for several years, Fortucci took a leave of absence at the suggestion of Citizens Bank's Human Resources Department ("HR"). Before and during her leave, Fortucci claims that HR assured her that her position would be available upon her return.

In October, 2007, Citizens Bank informed Fortucci that her position had been filled. As a result, plaintiff's depression apparently worsened, causing her severe emotional and physical

distress. In December, 2007, Fortucci received a formal letter from Citizens Bank outlining her options as a result of her termination although those options were not specified in the Amended Complaint.

### B. Procedural History

On December 2, 2010, Fortucci filed a complaint in the Massachusetts Superior Court Department for Suffolk County in which she alleged, inter alia, a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq. Pursuant to 28 U.S.C. §§ 1331 and 1332, Citizens Bank removed the action to federal court and shortly thereafter filed a motion to dismiss.

On January 27, 2011, Fortucci amended her complaint, removing the federal claim and alleging fraud in the inducement/misrepresentation (Count I), wrongful termination (Count II), breach of the implied covenant of good faith and fair dealing (Count III) and intentional infliction of emotional distress (Count IV). Pursuant to Fed. R. Civ. P. 12(b)(6), Citizens Bank moves to dismiss the Amended Complaint on the ground that each of the four counts fails to state a claim upon which relief can be granted.

## II. Legal Analysis

### A. Legal Standard

In order to survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain

factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000). Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. See Nollet, 83 F. Supp. 2d at 208.

Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Threadbare recitals of the legal elements, supported by mere conclusory statements, do not suffice to state a cause of action. Id. Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 1950.

**B. Application**

**1. Federal Jurisdiction**

Although the parties have not challenged the validity of the Court's jurisdiction, the Court may raise the issue sua sponte. Kontrick v. Ryan, 540 U.S. 443, 454 (2004). Original jurisdiction in the district court exists when there is diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

The parties agree that Fortucci resides in Massachusetts. Although plaintiff alleges in the Amended Complaint that Citizens Bank has a principal place of business in Massachusetts, the defendant states in the Notice of Removal that Citizens Bank is a nationally-chartered bank with its principal place of business in Rhode Island. For the purpose of determining diversity jurisdiction, a national bank is a citizen of the state in which its principal office is located. Wachovia Bank v. Schmidt, 546 U.S. 303, 307 (2006). The Court takes judicial notice that Rhode Island is the state of the defendant's principal office, as documented by the Office of the Comptroller of the Currency, Administrator of National Banks. See http://www.occ.treas.gov/topics/licensing/national-bank-lists/index-national-bank-lists.html (last visited April 29, 2011); see also Fed. R. Evid. 201; Royalty Network Inc. v. Dishant.com, LLC, 638 F. Supp. 2d 410, 421 n.7 (S.D.N.Y. 2009) (taking judicial notice of principal

place of business based on Securities and Exchange Commission filings). Because the parties thus are diverse and the plaintiff's $2,000,000 demand exceeds the required amount in controversy, the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

Having determined that the Court has diversity jurisdiction, the Court need not address the issue of federal question jurisdiction. It appears, however, that even though Fortucci removed from her complaint the sole federal claim giving rise to the federal question jurisdiction, the case is still properly before the Court on that basis. Indeed,

> when a defendant removes a case to federal court based on the existence of a federal question, an amendment eliminating the claim giving rise to federal jurisdiction typically does not defeat jurisdiction.

ConnectU LLC v. Zuckerberg et al., 522 F.3d 82, 92 (1st Cir. 2008).

### 2. Fraud in the Inducement/Misrepresentation (Count I)

The plaintiff alleges misrepresentation and fraud in the inducement on the basis that the defendant encouraged her to take leave and falsely assured her that she could resume her position when she returned. Citizens Bank contends that the claim should be dismissed because it is time-barred.

The statute of limitations for fraud in Massachusetts is three years. M.G.L. c. 260, § 2A. The statute begins to run

when the injured party knew or should have known the factual basis for the cause of action.  Geo. Knight & Co. v. Watson Wyatt & Co., 170 F.3d 210, 213 (1st Cir. 1999).  Fortucci asserts that her claim is not barred because she did not receive written notice of her termination until December 14, 2007.  Fortucci acknowledges in her Amended Complaint, however, that Citizens Bank contacted her in October, 2007, to inform her that her position had been filled.

Because Fortucci knew in October, 2007, that she had been terminated, she was required to file her claim before October, 2010, the end of the three-year period.  Because Fortucci did not bring suit until December 6, 2010, the claim is barred by the statute of limitations and will, therefore, be dismissed.

### 3. Wrongful Termination (Count II)

The plaintiff brings a claim for wrongful termination alleging that her termination is against public policy.  Citizens Bank argues that the wrongful termination claim should be dismissed because it is precluded by a comprehensive statutory remedy.  See Melley v. Gillette Corp., 475 N.E.2d 1227, 1229 (Mass. App. Ct. 1985), aff'd 491 N.E.3d 252 (Mass. 1986). Indeed,

> Massachusetts courts have repeatedly held that M.G.L. c. 151B is the exclusive remedy under state law for employment discrimination claims.

Hunt v. Wyle Lab., 997 F. Supp. 84, 91 (D. Mass. 1997).

Fortucci responds that her claim is not precluded because M.G.L. c. 151(B), § 9 states that a claim can be brought in a civil action 90 days after the claim was filed with the Massachusetts Commission Against Discrimination. Even if, for the moment, the Court assumes that Section 9 authorized her to bring a claim, it would be time barred. Under that section, an aggrieved party may bring a civil action "not later than three years after the alleged unlawful practice occurred." M.G.L. c. 151(B), § 9. Because the alleged unlawful practice occurred in October, 2007, the plaintiff was required to file her wrongful termination claim in or before October, 2010.

The Court will, therefore, dismiss plaintiff's claim for wrongful termination.

### 4. Breach of the Implied Covenant of Good Faith and Fair Dealing (Count III)

The plaintiff next alleges that the defendant violated the implied covenant of good faith and fair dealing implicit in contracts for employment at will.

A claim for breach of an implied covenant of good faith and fair dealing may be asserted only when an employer terminates an employee in order to deprive her of a previously earned benefit. See Harrison v. NetCentric Corp., 744 N.E.2d 622, 629 (Mass. 2001) (holding that an employer is accountable to a discharged employee for unpaid compensation if the employee was terminated in bad faith and the compensation is clearly connected to work

already performed). An employee is deprived of a previously earned benefit when she is deprived of compensation for services rendered or when the intended purpose of the termination was to benefit the employer at the employee's expense. Siles v. Travenol Labs, Inc., 433 N.E.2d 103, 106 (Mass App. Ct. 1982) (holding employee not terminated in bad faith because no evidence suggested that employer discharged employee in order to retain employee's previously earned sales commissions).

Fortucci contends that she was deprived of a previously earned benefit because she was 1) "forced" into collecting disability payments and 2) denied disability payments from July to December, 2010. Collecting disability benefits, however, is not equivalent to the denial of a previously earned benefit. Here, the plaintiff alleges only that she received a reduced salary while collecting disability payments. She fails to allege that she was deprived of compensation for services previously rendered or that her termination resulted in a financial windfall to Citizens Bank. Moreover, the Court looks only to the face of the Amended Complaint, see Nollet, 83 F. Supp. 2d at 208, which does not mention a denial of benefits in July, 2010.

The Court will, therefore, dismiss the claim for breach of the implied covenant of good faith and fair dealing.

### 5. Intentional Infliction of Emotional Distress (Count IV)

Finally, the plaintiff brings a claim for intentional

-8-

infliction of emotional distress.  The defendant asserts that plaintiff's claim is barred by the exclusivity of the Worker's Compensation Act.  Fortucci responds that the law "does not stress" that a common law remedy is barred if the statutory remedy is denied.  To the contrary, courts have consistently held that common law claims for intentional infliction of emotional distress are barred by the exclusivity provision of the Workers' Compensation Act.  See, e.g., Rogers v. NSTAR Elec. & Gas Corp., 389 F. Supp. 2d 100, 110 (D. Mass. 2005) Green v. Wyman-Gordon Co., 664 N.E.2d 808, 813 (Mass. 1996); Foley v. Polaroid Corp., 413 N.E.2d 711, 713 (Mass. 1980).

The Court will, therefore, dismiss plaintiff's claim for intentional infliction of emotional distress.

### ORDER

In accordance with the foregoing, defendant's Motion to Dismiss (Docket No. 11) is **ALLOWED.**

**So ordered.**

 /s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated May 16, 2011